UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

H. EDWARD SHERMAN                                            CIVIL ACTION

VERSUS                                                       NO: 06-2379

HARRAH'S NEW ORLEANS CASINO,                                 SECTION: "A" (5)
ET AL.

## ORDER & REASONS

Before the Court are two Motions to Dismiss (Rec. Docs. 36, 38) filed by Defendants Harrah's Operating Company, Inc. and Harrah's Entertainment, Inc.  The motions, both set for hearing on Wednesday, July 11, 2007, are before the Court on the briefs and without oral argument.  After reviewing the memoranda of counsel and applicable law, the Court concludes that Defendants' Motions to Dismiss should be DENIED for the reasons that follow.

## I. BACKGROUND

The instant dispute arises out of a gambling debt accrued over the course of four years between 2001 and 2005.  Plaintiff, Edward Sherman, gambled on a consistent basis at the Harrah's Casino in New Orleans.   During the aforementioned period, Plaintiff alleges he lost over one million dollars gambling.  (Pla. First Amended Compl. ¶ XI.)  Citing his own gambling and alcohol addictions, Plaintiff asserts that Defendants were negligent in continuing to provide

extended credit lines and complimentary alcoholic beverages during his gambling sessions. Plaintiff maintains that Defendants breached duties imposed by Title 27 of the Louisiana Revised Statutes and Title 42 of the Louisiana Administrative Code. Consequently, Plaintiff argues that Defendants' violations of these statutes render Defendants liable *per se* for damages suffered by Plaintiff. Furthermore, he alleges that the signed credit extensions are null due to his intoxication and gambling addiction, which deprived him of capacity to reason and make rational decisions regarding his consent. Finally, Plaintiff avers that Defendants breached the Louisiana Fair Trade Practices Act in exploiting his addictions and gaining unfair advantage of him.

Plaintiff originally filed suit in the instant matter in Civil District Court for the Parish of Orleans, against defendants Harrah's New Orleans Casino, Harrah's New Orleans Management Company, and Harrah's Casino New Orleans. Defendants properly removed the case to this Court in May, 2006. Subsequent to removal, Plaintiff amended his original complaint to add as defendants Harrah's Operating Company, Inc and Harrah's Entertainment, Inc. Harrah's Entertainment, Inc. has a 100% ownership interest in Harrah's Operating Company, which possesses a 100% ownership interest in Harrah's New Orleans Management Company. (Def. Memo in Supp. p. 6.) Two defendants, Harrah's Operating Company, Inc., and Harrah's Entertainment, Inc., filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. DISCUSSION

Defendants seek dismissal of Plaintiff's claims on two grounds. First, Defendants argue that Plaintiff has not complied with the "short and plain statement" language contained in

2

Federal Rule of Civil Procedure 8(a).  Second, Defendants assert that Plaintiff's Amended Complaint is not specific as to time and place under Federal Rule of Civil Procedure 9(f).  As such, Defendants argue that Plaintiff's "generic and collective allegations are fundamental defects and make it impossible for Harrah's Operating Company, Inc., and Harrah's Entertainment, Inc., to discern the precise basis and nature of the plaintiff's claims against [both]." (Def. Memo in Supp. p. 4-5.)  Moreover, Defendants maintain that each defendant is a separate and distinct legal entity, rendering Plaintiff's First Amended Complaint "noticeably deficient in identifying how and why each of these separate entities is liable to Plaintiff."  *Id.* at p. 5.

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Company v. City of Tehauacana*, 238 F.3d 382, 387 (5th Cir. 2001).  However, "conclusory allegations" and "unwarranted deductions of fact" are not sufficient to prevent dismissal. *United States ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

Federal Rule of Civil Procedure 8(a) dictates that ". . . a pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." The "short and plain statement" must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Previously, this Court denied a similar motion based on Rule 8, finding that defense counsel could identify Plaintiff's claims and the complaint caused no confusion to Defendant regarding the nature of the complaint. *Roublow v. Principi*, No. 04-1401, 2005 WL 757356, at *2 (E.D. La. Mar. 30, 2005).

Additionally, Rule 9(f) provides, "[f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Defendants include no discussion as to the basis for their Rule 9(f) objection.

The Court is not persuaded by Defendants' arguments for dismissal. The Amended Complaint expressly states that all defendants collectively were referred to as "Harrah's" throughout the Amended Complaint, thereby indicating that all allegations contained therein were directed against all defendants. (Pla. First Amended Compl. ¶ I.) Moreover, Plaintiff's prayer for relief explicitly requests judgment "against defendants, Harrah's Entertainment, Inc., Harrah's Operating Company, Inc., and Harrah's New Orleans Management Company, jointly, severally, and in solido." As such, the Complaint is adequately specific to give Defendants fair notice of the claims against them.

Accordingly,

**IT IS ORDERED** that the Motions to Dismiss (Rec. Docs. 36, 38) filed by Defendants Harrah's Operating Company, Inc. and Harrah's Entertainment, Inc. are **DENIED**.

New Orleans, Louisiana, Monday, September 10, 2007.

_____
Judge Jay C. Zainey
United States District Court