UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

H. EDWARD SHERMAN                                              CIVIL ACTION

VERSUS                                                         NO: 06-2379

HARRAH'S NEW ORLEANS CASINO,                                   SECTION: "A" (5)
ET AL.

### ORDER AND REASONS

Before the Court is **Plaintiff's Motion for Review of Bill of Costs (Rec. Doc. 169)**. Defendants, Harrah's New Orleans Management Company, Harrah's Entertainment, Inc., and Harrah's Operating Company, Inc. (hereinafter collectively referred to as "Harrah's") oppose the motion. The motion, set for hearing on May 28, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

In addition, before the Court is an **Objection to Magistrate's Report and Recommendations Granting Plaintiff's Second Motion to Compel and Awarding Attorney's Fees and Expenses (Rec. Doc. 172)** filed by Harrah's. Plaintiff, H. Edward Sherman, opposes the motion. The motion, set for hearing on June 26, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

**I.     BACKGROUND**

The relevant facts leading to the instant motions are summarized as follows. On July 6, 2007, Plaintiff filed a second motion to compel, arguing that Harrah's had not satisfied its discovery obligations, in that Harrah's had not provided Plaintiff with all information pertaining to his gambling activities, most of which was electronically stored. (R&R p. 3) (citing Rec. Doc. 52). On July 11, 2007, Magistrate Judge Alma L. Chasez heard Plaintiff's second motion to compel, during which time, she ordered that the parties, within one week, agree upon a date for a limited Rule 30(b)(6) deposition of Harrah's to determine how its computer-related documents are kept. (*Id.*) (citing Rec. Doc. 53). A status conference was held on July 19, 2007, and the Magistrate was advised that a date for the Rule 30(b)(6) deposition had not been agreed upon because Harrah's was having difficulty naming one corporate representative to respond to all deposition topics. (*Id.*) (citing Rec. Doc. 54). As such, the Magistrate instructed Defendants to designate more than one corporate representative for deposition purposes, if necessary. (*Id.*) The limited Rule 30(b)(6) deposition of Harrah's employees was completed in mid-August 2007. (*Id.*) (citing Rec. Docs. 114, pp. 3-4; 70).

After additional briefing by the parties, the hearing on Plaintiff's second motion to compel was reconvened on September 26, 2007, at which time the Magistrate learned that Defendants produced five individuals on three dates for the Rule 30(b)(6) deposition. (*Id.* at p. 3-4). "On the eve of two of these depositions," Defendants provided Plaintiff with "nearly three hundred pages of additional responsive documents." (*Id.* at p. 4). According to the Magistrate, "[a]t the third deposition, the designated representatives essentially testified that Harrah's major database systems could have been accessed sooner to obtain all electronically-stored information pertaining to

plaintiff." (*Id.*) Consequently, Magistrate Judge Chasez found that Defendants "had indeed abuse[d] the discovery process" and ordered Plaintiff to provide Defendants with the back-up records documenting the time spent in conjunction with Plaintiff's second motion to compel. (*Id.*) (citing Rec. Doc. 81).

On March 4, 2008, the Court granted summary judgment in favor of Defendants and dismissed Plaintiff's case. (Rec. Doc. 154). Subsequently, the Court granted in part and denied in part Plaintiff's Motion to Amend Judgment, or Alternatively, for Relief from Judgement or for New Trial (Rec. Doc. 156), granting the motion insofar as the Judgement (Rec. Doc. 155) was amended to reserve the Court's jurisdiction over Plaintiff's Second Motion to Compel (Rec Doc. 52), still pending before the Magistrate Judge. (Rec. Doc. 164).

### A.     *Plaintiff's Motion for Review of Bill of Costs*

Defendants filed an application to tax costs against Plaintiff (Rec. Doc. 161) on April 7, 2007, which Plaintiff opposed (Rec. Doc. 165). Following a hearing, Clerk of Court Loretta Whyte granted Defendants' request, taxing costs against Plaintiff totaling $11,892.13. (Rec. Doc. 167). This total was reduced on May 1, 2008, to reflect a total amount of $11,750.29.

Plaintiff seeks review of two aspects of the Clerk's bill of costs: (1) the Clerk's assessment of $1,383.38 for deposition transcript fees incurred by Defendants, taken in relation to Plaintiff's Motion to Compel/Motion for Sanctions; and (2) the Clerk's assessment of $795.00 for the video deposition fee of the Plaintiff. (Rec. Doc. 169). Plaintiff requests that the Court reduce the amount taxed as costs against Plaintiff by the sum of $2,178.38 and suggests that the amended taxable amount would total $9,571.91. (*Id.*) Defendants oppose Plaintiff's motion, challenging that these

3

costs were necessarily incurred in Harrah's defense of this case and are properly taxable against Plaintiff as a result of the dismissal. (Rec. Doc. 170).

### B.  *Objection to Magistrate's Report and Recommendations*

On May 21, 2008, the Magistrate ruled on Plaintiff's Second Motion to Compel (Rec. Doc. 52), specifically the amount of attorneys' fees and expenses owed to Plaintiff by Harrah's in connection with the motion. (Rec. Doc. 171). The Magistrate recommended that Plaintiff be awarded a total of $15,647,42[1], on the grounds that "it was only after plaintiff filed and litigated two motions to compel and deposed five Harrah's employees on three separate days that he obtained all documents and electronically stored data pertaining to him" and that "[t]he reasons offered by defendant do not justify the extensive efforts plaintiff was required to take to obtain the requested information." (R&R p. 5). Magistrate Judge Chasez found that Plaintiff's request to recover deposition costs and expenses related thereto should be granted in full. (*Id.*) In addition, Magistrate Judge Chasez recommended that the fee for Dennis Harrison's consulting and IT support services should be allowed. (*Id.* at p. 6). Magistrate Judge Chasez also awarded attorney's fees. (*Id.* at p. 7).

Defendants filed an Objection to Magistrate's Report and Recommendations Granting Plaintiff's Second Motion to Compel and Awarding Attorney's Fees and Expenses. (Rec. Doc. 172).

---

[1] Page 5 of the Report and Recommendation states that the Magistrate recommends that Plaintiff be awarded a total of $14,272.42. However, on page 8, the Magistrate recommends "an ultimate award to the plaintiff in the amount of $15,647.42." The Court's staff contacted Magistrate Judge Chasez's chambers and was advised that $14,272.42 was an error. According to the Magistrate's chambers, the correct amount is $15,647.42, which is consistent with the Court's arithmetic.

4

Defendants argue that "Harrah's response to discovery was proper and substantially justified, no sanctions should have been awarded and, further, the amount awarded for attorney's fees was excessive and contrary to FRCP 37(a)(5)." (Def. Mem. in Supp. p. 1).

In response, Sherman filed Plaintiff's Memorandum in Opposition to Defendant's Objection to Magistrate's Report and Recommendations. (Rec. Doc. 174). In particular, Plaintiff argues that (1) Plaintiff's discovery requests were unambiguous; (2) the limited 30(b)(6) deposition ordered by the Court was necessary and appropriate; and (3) the Magistrate's review of Plaintiff's fees and expenses was reasonable. (Pla. Mem. in Opp. p. 3, 5, 6). Finally, Plaintiff requests reasonable attorneys' fees associated with the preparation of the opposition to Defendants' motion. (*Id.* at p. 2).

## II.   OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

A district court reviews a magistrate judge's order pursuant to the standards set forth in the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, Federal Rule of Civil Procedure 72, and Local Rule 74. Pursuant to these rules, non-dispositive pretrial motions are to be reviewed under the clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). A decision is clearly erroneous or contrary to law when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Armour v. Hobart Corp.*, 1998 WL 886995, at *1 (Dec. 18, 1998) (Clement, J.) (citing *Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989)).

Matters concerning discovery generally are considered non-dispositive to the litigation. *Recinos-Recinos v. Express Forestry, Inc.*, 2006 WL 3388485, at *1 (E.D. La. Nov. 20, 2006)

(Africk, J.) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981)).  As such, the Court will apply this standard to the instant motion regarding the Magistrate's imposition of sanctions in conjunction with the discovery process. *Id.*

Magistrate Judge Chasez was intimately familiar with the details surrounding the parties' discovery dispute.  The record clearly reflects that the Magistrate conducted numerous hearings and reviewed extensive briefing before ruling on Plaintiff's motion.

The Court has carefully reviewed the applicable law, the arguments of counsel, the record, and the Magistrate's Report and Recommendation.  Based on the Court's review, the Court finds that the Magistrate's ruling was not clearly erroneous or contrary to law.  The Court hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion herein.

### III.  MOTION FOR REVIEW OF BILL OF COSTS

Plaintiff argues that "[s]everal of the transcript fees requested by Defendant and taxed as costs by the Clerk were conducted pursuant to an order of this Court, and made necessary, only because of Defendants' own failure to provide documents."  (Pla. Mem. in Supp. p. 3). Consequently, Plaintiff asserts that those costs, totaling $1,383.83[2], should not be taxed against

---

[2]Plaintiff breaks down the costs and transcript fees relating to the depositions taken pursuant to the Magistrate Judge's order following Plaintiff's Motion to Compel as follows:

| | |
|---|---|
| Transcript fee of Jarrod Lane Ashley | $292.20 |
| Transcript fee of Patty Gatens | $691.08 |
| Transcript fee of Kip Chiles | $179.10 |
| Transcript fee of Edwin Von Boeckman | $84.80 |
| Transcript fee of Bradley Karnafel | $136.20 |
| TOTAL | **1,383.38** |

(Pla. Mem. in Supp. p. 4).

Plaintiff. (*Id.*)

Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party . . . The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action." Fed. R. Civ. P 54(d).

The term "costs," as used in Rule 54(d), is defined in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). According to § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) ***Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;***
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (emphasis added).

Moreover, 28 U.S.C. § 1924 dictates that "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

*A.*     *Video Fees for Plaintiff's Deposition*

Regarding the video fee for Plaintiff's deposition, Plaintiff notes that at the hearing, the Clerk questioned the necessity of several of the fees requested by Defendants. (Pla. Mem. in Supp. p. 5). According to Plaintiff, Defendants were unable to explain why the video deposition fee of Plaintiff was necessarily incurred, for the written deposition transcript of Plaintiff was also obtained by Defendants and taxed as a cost against Plaintiff.  (*Id.*)  Plaintiff concedes that the video deposition "may have been used internally as an evaluative tool"; however, Plaintiff submits that "it was not a cost 'necessarily incurred' for use in the case." (*Id.*)  As such, Plaintiff seeks review of the video deposition fee of $795.00 taxed against Plaintiff. (*Id.*)

In response, Defendants argue that "the Court's inquiry is whether the depositions were 'necessarily obtained for use in the case.'" (Def. Mem. in Opp. p. 2).  According to Defendants, Plaintiff's deposition was taken during the course of discovery and was "essential for preparation of Harrah's defense and ultimately its motion for summary judgment."  (*Id.* at p. 3).  Defendants preserved Plaintiff's deposition testimony by way of a written transcript and video, as authorized in the Federal Rules.  (*Id.*)

Federal Courts may only award those costs articulated in section 1920, absent explicit statutory or contractual authorization to the contrary. *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co.*, 482 U.S. at 444-45, 107 S.Ct. 2494).  Section 1920 allows for the recovery of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.*  However, "[t]here is no provision for videotapes of depositions." *Id.* at 529-30 (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998)).  As such, the Fifth Circuit has held that the costs of videotaped

8

depositions are not recoverable as costs under § 1920. *Id.* at 530 (*See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 396 (5th Cir. 2003)). Defendants have not cited any legal authority pertaining to a video deposition to persuade the Court to the contrary.

### B. *Transcript Costs Related to Plaintiffs' Motion for Sanctions*

Plaintiff asserts that 28 U.S.C. § 1902(2) "does not allow for transcript fees made necessary as a direct result of the applicant's own failures in adequately responding to discovery," adding that the conduct in question was the subject of an outstanding sanctions motion at the time of filing the motion for review. (Pla. Mem. in Supp. p. 4). Since the filing of Plaintiff's motion for review of costs, Magistrate Judge Chasez recommended sanctions against Harrah's. (Rec. Doc. 171).

In opposition, Defendants contend that the deposition expenses challenged by Plaintiff were properly taxed against Plaintiff. (Def. Mem. in Opp. p. 2). Defendants argue that defense counsel was required to defend the depositions of Harrah's IT personnel while Plaintiff's counsel sought information from the archives of Harrah's computer database(s). (*Id.*) According to Defendants, "[t]hese depositions literally covered the map." (*Id.*) First, Harrah's offered an IT manager from New Orleans; however, "Plaintiff was not satisfied with this and sought to go deeper into Harrah's computer archives", which led to depositions in Las Vegas and Memphis. (*Id.*) Plaintiff sought information pertaining to his daily gambling activities at Harrah's New Orleans during the period 1999-2005. (*Id.*) Defendants urge that because this information had a "direct bearing" on Plaintiff's claims against Harrah's, the fees associated with the depositions and the transcripts are properly taxable against Plaintiff. (*Id.* at p. 3-4).

To support their contentions, Defendants cite the following general rules regarding costs

taxed for deposition transcripts. A deposition need not be introduced into evidence or used at trial for it to be "necessarily obtained for use in the case." *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). If at the time the deposition is taken, the deposition could "reasonably be expected to be used for trial preparation," rather than merely for discovery, it may be included in the costs for the prevailing party. *Id.* (citations omitted). A deposition copy obtained for use during trial or trial preparation, rather than mere convenience of counsel, may be included in taxable costs. *Id.* (citations omitted). Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Id.* at 285-86 (citations omitted). However, in this case the issue regarding these deposition costs is whether it is fair to assess costs against a party if allegedly the only reason that the depositions were taken was due to the other party's failure to produce the evidence in the first place.

Neither party cited any authority to support its position on this narrow issue. However, the Fifth Circuit provided instruction in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006). Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs. *Id.* at 793 (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). According to the Fifth Circuit, "the prevailing party is prima facie entitled to costs," and the denial of such costs has been described as "in the nature of a penalty." *Id.* at 793-94 (quoting *Schwarz*, 767 F.2d at 131). "As a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Id.* at 794 (quoting *Schwarz*, 767 F.2d at 131; *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 1151 n. 14,

10

67 L.Ed.2d 287 (1981)).  In this present case, the Court finds that there is good reason for reducing Defendants' request for costs for transcripts associated with these particular depositions.

The Fifth Circuit listed reasons invoked by other circuits to justify withholding costs from the prevailing party; in so doing, however, the court expressly stated that such reasons were enumerated for exposition purposes only.  *Id.* and n. 18.  "Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."  *Id.* (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)).  The Fifth Circuit held that "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Id.* at 795.

Counsel did not address *Pacheco* or the factors enumerated therein in the memoranda submitted in conjunction with this motion.  However, in reading Plaintiff's motion and the accompanying memorandum, it is readily-apparent that Plaintiff urges "misconduct" by Defendants.

After reviewing extensive briefing by the parties and conducting hearings on Plaintiff's second motion to compel, the Magistrate found that Harrah's "had indeed abuse[d] the discovery process."  As reflected above, the Court does not consider this finding to be clearly erroneous or contrary to the law.  Plaintiff should not be taxed costs for depositions necessitated by Defendants' misconduct.  Harrah's has not cited any binding legal authority to persuade the Court to the contrarty.

Accordingly, and for the foregoing reasons;

11

**IT IS ORDERED** that the **Plaintiff's Motion for Review of Bill of Costs (Rec. Doc. 169)** filed by plaintiff H. Edward Sherman is **GRANTED**. The Bill of Costs originally signed by the Clerk of Court on April 29, 2008 (Rec. Doc. 167), and subsequently amended (Rec. Doc. 168), taxing costs against plaintiff H. Edward Sherman shall be **REDUCED** by the amount of $2,178.38. The Bill of Costs shall be revised accordingly to reflect a total amount of $9,571.91 as costs to be taxed against Plaintiff.

**IT IS FURTHER ORDERED** that the **Objection to Magistrate's Report and Recommendations Granting Plaintiff's Second Motion to Compel and Awarding Attorney's Fees and Expenses (Rec. Doc. 172)** filed by defendants Harrah's New Orleans Management Company, Harrah's Entertainment, Inc., and Harrah's Operating Company, Inc. is **DENIED**. The Court hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion herein. Plaintiff is awarded attorneys' fees and costs in the amount of $15,647.42.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees for the 5.5 hours spent preparing an opposition to Defendants' motion is **DENIED**.

August 19, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE